UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA NAILS,

                Plaintiff,                No. 15-13218

vs.                                         Hon. Gerald E. Rosen

STEPHEN KING,

                Defendant.
_____/

ORDER OF SUMMARY DISMISSAL

      Plaintiff Angela Nails has filed a *pro se* complaint against Stephen King, an attorney with offices in Birmingham, Michigan. From the somewhat confusing allegations in Plaintiff Nails' handwritten complaint, it appears Defendant King represented a third-party against whom Plaintiff Nails had brought an action. A default was apparently entered against King's client but King was successful in getting that default set aside. According to Plaintiff, King lied to the court to get the default set aside. Plaintiff further alleges that Defendant King's client was subsequently granted summary judgment in the matter.

      Nails now seeks $100,000.00 punitive damages from Attorney King. Nails also asks that criminal charges be filed against King for the "theft" of her money.

      Plaintiff was granted permission to proceed with this action *in forma*

*pauperis,* without prepayment of the filing fee under 28 U.S.C. § 1915.  After careful consideration, the Court dismisses Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2).

Although a pro se litigant's complaint is entitled to liberal construction, a court may not abrogate the basic essentials of federal notice pleading, nor re-write a deficient complaint or otherwise serve as counsel for the plaintiff.  *See Kampii v. Ghee*, 2000 WL 303018 (6th Cir. Mar. 14, 2000).

Complaints filed *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Burgery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss *sua sponte* complaints that are "(i) frivolous or malicious; (ii) fail[] to state a claim upon which relief may be granted; or (iii) seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Supreme Court has defined a "frivolous" action as one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319,  109 S.Ct. 1827, 1831 (1989).

Moreover, the federal courts are courts of limited jurisdiction; they have only such jurisdiction as is defined by Article III of the United States Constitution and granted by Congress.  *Gross v. Hougland*, 712 F.2d 1034, 1036 (6th Cir. 1983).  As provided in 28 U.S.C. §§ 1331 and 1332, federal courts have

jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331 ("federal question jurisdiction"), and over civil actions between completely diverse parties where the matter in controversy exceeds the sum or value of $75,000, 28 U.S.C. § 1332 ("diversity jurisdiction"). Federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*. *See In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005).

Turning to the instant action, it is clear that Plaintiff has not asserted any cognizable federal cause of action. At best, Plaintiff's Complaint/Amended Complaint alleges a claim of legal malpractice against a Michigan attorney. However, this is a state law claim. Plaintiff's request that criminal charges be brought against Defendant does not alter the nature of the case.

Plaintiff has no standing to commence a criminal action in federal court. *See Keenan v. McGrath*, 328 F.2d 610, 611 (1st Cir.1964) (per curiam) ("Not only are we unaware of any authority for permitting a private individual to initiate a criminal prosecution in his own name in a United States District Court, but also to sanction such a procedure would be to provide a means to circumvent the legal safeguards provided for persons accused of crime."); *Bass Angler Sportsman Soc'y v. U.S. Steel Corp.*, 324 F.Supp. 412, 415 (S.D.Ala.) (outlining "the firmly established principle that criminal statutes can only be enforced by the proper

authorities of the United States Government and a private party has no right to enforce these sanctions"), *aff'd*, 447 F.2d 1304 (5th Cir.1971). Courts universally endorse the principle that private citizens cannot prosecute criminal actions. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242 (the criminal analogue of 42 U.S.C.1983) ....") (citations omitted); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86–87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F.Supp. 670, 673 (D.Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). In fact, no action may be taken to issue a warrant or summons on a complaint except on the request of an attorney for the government. *See* Fed.R.Crim.P. 4(a).

As Plaintiff has not alleged any cognizable federal claim and as there is no possible basis for Plaintiff to establish complete diversity of citizenship among the parties, this Court lacks jurisdiction to entertain Plaintiff's complaint.

For these reasons, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3),

IT IS HEREBY ORDERED that Plaintiff's *ifp* action is hereby DISMISSED, in its entirety.

>  s/Gerald E. Rosen
>  Chief Judge, United States District Court

Dated: September 23, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 23, 2015, by electronic and/or ordinary mail.

>  s/Julie Owens
>  Case Manager, (313) 234-5135