UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA NAILS,

        Plaintiff,        No. 15-cv-13218

vs.        Hon. Gerald E. Rosen

STEPHEN KING,

        Defendant.
_____/

ORDER DENYING MOTION TO AMEND COMPLAINT

    At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on November 23, 2015

    PRESENT:    Honorable Gerald E. Rosen
                       United States District Chief Judge

On September 11, 2015, Plaintiff Angela Nails filed a *pro se* complaint against Defendant Stephen King, an attorney with offices in Birmingham, Michigan. She was later granted leave to proceed *in forma pauperis*. Upon *ifp* screening pursuant to 28 U.S.C. § 1915(e)(2), the Court determined that it lacked jurisdiction to entertain Plaintiff's complaint. The Court determined that Plaintiff had not asserted any cognizable federal cause of action; at best she alleged a state law claim of legal malpractice against a non-diverse defendant. Plaintiff also had sought to bring criminal charges against Defendant King. However, as the Court explained, Plaintiff has no

standing to commence a criminal action in federal court.

Therefore, on September 23, 2015, this Court entered an Order of Summary Dismissal, dismissing Plaintiff's complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3). Plaintiff did not seek reconsideration of that summary dismissal order.

Instead, on October 14, 2015, Plaintiff filed the instant Motion to Amend her Complaint. In this motion, Plaintiff relies upon the allegations in her original complaint adding only that since she is or was a law enforcement employee, the Court should find that she has standing to bring criminal charges against the named defendant. She also argues that the Constitution provides the federal court with jurisdiction over cases dealing with injuries other than auto accidents, and since her original complaint "is about damages on personal injury and attorney ethics," the Court should conclude that federal jurisdiction is proper.

Plaintiff's new allegations do not alter the Court's original determination that it is without jurisdiction to entertain this action. Only the United States Attorney can bring criminal charges in federal court; Plaintiff's status as a law enforcement employee does not confer standing upon her to institute a criminal action in this Court. Further, there is no provision in the United States Constitution or the United States Code which confers federal jurisdiction over "cases dealing with injuries other than auto accidents."

While Fed. R. Civ. P. 15(a) provides that leave to amend should be freely given

when justice so requires, leave to amend is not automatic. *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 551 (6th Cir. 2008). The decision of whether or not to permit amendment is within the discretion of the trial court. *Id.; see also Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330-332 (1971). In determining whether to permit amendment the district court may consider futility of amendment. *Hageman v. Signal L.P. Gas, Inc*., 486 F.2d 479, 484 (6th Cir. 1973).

Plaintiff's proposed amendment in this case would be futile. As with her original Complaint, Plaintiff still has not made out any legally cognizable claim that would fall within the jurisdiction of this Court. Plaintiff's Motion to Amend, therefore, will be denied as futile.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion to Amend Complaint **[Dkt. # 7]** is DENIED.

                                        s/Gerald E. Rosen
                                        Chief Judge, United States District Court

Dated: November 23, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 23, 2015, by electronic and/or ordinary mail.

                                        s/Julie Owens
                                        Case Manager, (313) 234-5135