UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA NAILS,

        Plaintiff,                No. 15-CV-13218

vs.                              Hon. Gerald E. Rosen

WILLIAM J. RICHARDS,

        Defendant.
_____/

## ORDER DENYING MOTION TO AMEND COMPLAINT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on January 13, 2016

PRESENT:  Honorable Gerald E. Rosen
                      United States District Judge

On September 11, 2015, Plaintiff Angela Nails filed a *pro se* complaint against Defendant Stephen King, an attorney with offices in Birmingham, Michigan. She was later granted leave to proceed *in forma pauperis*. Upon *ifp* screening pursuant to 28 U.S.C. § 1915(e)(2), the Court determined that it lacked jurisdiction to entertain Plaintiff's complaint. The Court determined that Plaintiff had not asserted any cognizable federal cause of action; at best she alleged a state law claim of legal malpractice against a non-diverse defendant. Plaintiff also had sought to bring criminal charges against Defendant King. However, as the Court explained, Plaintiff has no

1

standing to commence a criminal action in federal court.

Therefore, on September 23, 2015, the Court entered an Order of Summary Dismissal, dismissing Plaintiff's complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3). Plaintiff did not seek reconsideration of that summary dismissal order.

Instead, on October 14, 2015, Plaintiff filed a Motion to Amend her Complaint. In that motion, Plaintiff relied upon the allegations in her original complaint adding only that since she is or was a law enforcement employee, the Court should find that she has standing to bring criminal charges against the named defendant. She also argued that the Constitution provides the federal court with jurisdiction over cases dealing with injuries other than auto accidents, and since her original complaint "is about damages on personal injury and attorney ethics," the Court should conclude that federal jurisdiction is proper.

The Court determined that Plaintiff's new allegations did not alter the Court's original determination that it is without jurisdiction to entertain this action. The Court reiterated that only the United States Attorney can bring criminal charges in federal court; Plaintiff's status as a law enforcement employee does not confer standing upon her to institute a criminal action in this Court. The Court further explained that there is no provision in the United States Constitution or the United States Code which confers federal jurisdiction over "cases dealing with injuries other than auto accidents."

Therefore, the Court denied Plaintiff's Motion to Amend as futile.

Once again, Plaintiff did not seek reconsideration of the Court's decision. Instead, two months later, on December 10, 2015, Plaintiff filed a second Motion to Amend her Complaint.  Plaintiff, however, offers no amendment for the Court to consider.  She merely argues in this Motion that the Court erred in dismissing her Complaint because it failed to give consideration that she has no law degree yet it is holding her to the same judicial standard as an attorney.  While *pro se* litigants are generally held to less stringent standards than attorneys, the requirements of federal subject matter jurisdiction cannot be overlooked or excused merely because a litigant is *pro se* and Plaintiff has provided no information to cure the jurisdictional defects previously found in this matter.

For these reasons,

IT IS HEREBY ORDERED that Plaintiff's December 10, 2015 Motion to Amend her Complaint **[Dkt. #9]** is DENIED.


                                                  s/Gerald E. Rosen
                                                United States District Judge

Dated:  January 13, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 13, 2016, by electronic and/or ordinary mail.

                                                s/Julie Owens
                                                Case Manager, (313) 234-5135